## JNO. MILLION *et al v.* WM. T. MEDARIS.

STATUTE OF LIMITATIONS. *Conversion of personal property. When cause of action accrues.* The cause of action for converting personal property within the meaning of sec 2773 of the Code, accrues at the date of the conversion, and not at the time the plaintiff discovered the party guilty of the act. Where, therefore, a plaintiff replied to a plea of the statute of limitations, in a suit of this kind, that he did commence his action within three years next after he discovered that the defendants were guilty in manner and form, etc., replication held demurrable.

Code cited : Sec. 2773.

### FROM BRADLEY.

From the Circuit Court at Cleveland. J. B. HOYL, Judge.

Million *v.* Medaris.

RAMSEY, TREWHITT and S. P. GAUT for plaintiffs in error.

J. H. GAUT for defendant in error.

NICHOLSON, C. J., delivered the opinion of the court.

This action was commenced by Medaris against John Million and others by summons issued on the 18th of December, 1871, to recover the value of three horses alleged to have been taken and counted by them.

Defendants pleaded the statute of limitatations of three years. Plaintiff replied specially "that his cause of action did accrue within three years before the commencement of his said action, and that he did commence his said action against the defendants within three years next after he discovered that the defendants were guilty in manner and form," etc.

Defendants demurred to this replication, but the Circuit Judge overruled the demurrer, and therefore issue was taken upon the replication. Upon the trial the Circuit Judge charged the jury that if plaintiff commenced his suit within three years after he obtained the first reliable information as to the persons who took and converted.

The jury found for plaintiff, and defendants have appealed.

The only question is, whether the court erred in overruling the demurrer and in his charge to the jury. We are of opinion that there was error in both. It has been repeatedly decided that the courts can make

no exception to the statute of limitations when the statute has made none. The rule in Chancery Courts as to the fraudulent concealment of the evidence of the existence of a cause of action has no application to such a proceeding as this. The law is positive that the action must be brought within three years after the cause thereof accrued, otherwise it will be barred, and by this we are bound.

The demurrer ought to have been sustained and the cause dismissed, and this court proceeding to render the proper judgment, dismisses the suit.